**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIS PETER FRANKLIN,<br><br>Petitioner,<br><br>v.<br><br>O'BRIAN BAILEY, et al.,<br><br>Respondents. | Case No.  25-cv-08683-BLF<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Re:  ECF No. 6] |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state convictions.  ECF No. 1 ("Pet.") ¶ 1.  The Court found that the petition stated two cognizable claims and ordered Respondent to show cause why the writ should not be granted.  ECF No. 3.  Respondent now moves to dismiss the petition as untimely.  ECF No. 6 ("Mot.").  Petitioner opposes the motion.  ECF No. 13 ("Opp.").  Respondent did not file a reply.

For the reasons set forth below, Respondent's motion to dismiss the habeas petition is DENIED.

## I.   BACKGROUND

On August 9, 2022, following a jury trial in the Alameda County Superior Court, Petitioner was convicted of (1) continuous sex abuse of an under 14-year-old; (2) lewd acts on an under 14-year-old; (3) forcible oral copulation; (4) forcible rape; (5) felonious possession of firearm; and (6) felonious possession of ammunition.  Pet. ¶ 1.  The trial court sentenced Petitioner to sixty-two years to life in state prison.  *Id.*

On March 13, 2024, the California Court of Appeal affirmed the convictions.  Pet. ¶ 2; *see also* ECF No. 6-1 ("Court of Appeal Opinion").  In a reasoned order, the state appellate court

United States District Court
Northern District of California

found that Petitioner had not established either of the two asserted constitutional violations, namely, his constitutional rights to counsel of his choice and to decide whether to testify in his own defense. Court of Appeal Opinion at 10–12, 15–17. On May 29, 2024, the California Supreme Court denied a petition for review. Pet. ¶ 2; *see also* ECF No. 6-2 ("State Docket") at 8. The United States Supreme Court denied a certiorari petition on October 7, 2024. Pet. ¶ 2; *see also* State Docket at 8. On October 9, 2025, Petitioner filed the instant federal habeas petition.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The one-year limitations period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Respondent argues the habeas petition was untimely because more than a year elapsed between the day the United States Supreme Court denied the writ of certiorari (October 7, 2024), and the date the habeas petition was filed (October 9, 2025). Mot. at 3. In opposition, Petitioner concedes that the petition was filed two days late but invokes equitable tolling on the ground that he has been pursuing his rights diligently and extraordinary circumstances were present. Opp. at 1, 3–4.

A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### A.    Reasonable Diligence

The first prong concerns whether the petitioner acted with "reasonable diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). In so determining, "courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Id.* at 1013.

United States District Court
Northern District of California

Where attorney misconduct allegedly caused the untimely filing, courts consider (1) whether the petitioner expeditiously secured counsel to file the habeas petition; (2) the frequency and nature of the attorney-client communications; (3) when, in light of the petitioner's education and background, he reasonably should have sought new counsel; and (4) whether the petitioner had the means to consult alternate counsel. *Id.*

Here, Petitioner's argument focuses on the second factor: the frequency and nature of the attorney-client communications. Petitioner contends that he acted with reasonable diligence because he repeatedly called his counsel from prison to confirm his habeas petition would be timely submitted. Mot. at 3–4. He offers evidence that he called his counsel's office two weeks before the habeas petition was due to ask whether it had been filed and was assured by office staff that it would be filed in time. *See* ECF No. 13-1 ("Beles Decl.") ¶ 3; ECF No. 13-2 ("Franklin Decl.") ¶ 3. He also called his attorney's office the day before the habeas petition was due and was again told it would be timely filed. Beles Decl. ¶ 4; Franklin Decl. ¶ 4. When he called again on October 8, 2025 (i.e., the day after the deadline), he was told that the deadline had been missed. Beles Decl. ¶ 5; Franklin Decl. ¶ 5. Counsel then rushed to "immediately work[] on it and file[] the federal habeas corpus" petition, which was submitted two days late, on October 9, 2025. Beles Decl. ¶ 5.

"The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe*, 661 F.3d at 1015. In *Doe v. Busby*, the Ninth Circuit found that the petitioner had shown reasonable diligence after his lawyer "fail[ed] to file a petition after misleading [him] to believe a filing would occur." *Id.* So here too, Petitioner's counsel misled him into believing his habeas petition would be timely filed. From custody, Petitioner repeatedly called his lawyer to ensure the due date was met, including the day before the deadline. He called the day after to confirm the deadline had been met, and it was this reminder that prompted the filing shortly thereafter. The Court finds that "a reasonable litigant in [Petitioner's] situation who is represented by experienced counsel, if asked about the status of his or her lawsuit, would be justified in replying, 'My lawyer is handling it.'" *Id.*; *see also Holland*,

3

560 U.S. at 652–53 (finding that the petitioner had shown reasonable diligence where counsel failed to file the habeas petition, despite the petitioner's "many letters that repeatedly emphasized the importance of his doing so").

### B.    Extraordinary Circumstances

The second prong concerns the presence of extraordinary circumstances that prevented timely filing. *See Holland*, 560 U.S. at 649.  Where attorney misconduct is the source of the alleged extraordinary circumstances, counsel's "garden variety" neglect does not warrant equitable tolling." *See id.* at 651–52 (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)).  For example, "an attorney's negligence in calculating the limitations period for a habeas petition does not constitute an 'extraordinary circumstance' warranting equitable tolling." *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) (quoting *Miranda*, 292 F.3d at 1066–67).  However, "affirmatively misleading a petitioner to believe that a timely petition has been or will soon be filed can constitute egregious professional misconduct" sufficient to give rise to extraordinary circumstances.  *Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015); *see also Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

Petitioner argues that extraordinary circumstances were present here.  Opp. at 4.  The Court agrees.  As discussed above, Petitioner repeatedly called his attorney to ensure his habeas petition was timely filed and was repeatedly and affirmatively assured that it would be.  Such conduct was more than mere garden variety attorney negligence—it was egregious unprofessional conduct.  Counsel's failing to fulfill his duty to timely file the habeas petition "was bad enough." *Luna*, 784 F.3d at 647.  "Worse still," counsel responded to repeated inquiries from his client with assurances that the statute of limitations would be met.  *Id.*  Had counsel not affirmatively misled Petitioner, Petitioner could have filed a *pro se* petition or engaged a different attorney. Accordingly, the Court finds the existence of extraordinary circumstances (Petitioner's counsel's egregious unprofessional conduct) that stood in the way of Petitioner's timely filing.

*                *                *

Petitioner has shown that he was reasonably diligent and that there existed extraordinary circumstances that prevented timely filing.  Petitioner is thus entitled to equitable tolling.

United States District Court
Northern District of California

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Respondent's motion to dismiss the habeas petition, ECF No. 6, is DENIED.

(2) Consistent with Habeas Local Rule 2254-6, Respondent shall file with the Court and serve on Petitioner, within 60 days of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable in the Order to Show Cause (ECF No. 3).  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of the date the answer is filed.

Dated:  June 22, 2026

_____
BETH LABSON FREEMAN
United States District Judge

5